# STATE OF MAINE.

In House of Representatives, May 31, 1851.

*Ordered*, that the following questions be submitted for the opinion of the Supreme Judicial Court.

QUESTION 1st. Has the Legislature constitutional power, after a general representative apportionment has been made, in conformity with the constitution, to alter the Representative Districts so established, until the next general apportionment?

QUESTION 2d. Was it competent for the Legislature of 1850, to incorporate the town of Kennebec in the County of Kennebec, from parts of five different Representative Districts, as established by the last general apportionment, and annex said town to the Representative District of Readfield and Fayette, so as to give the inhabitants of said town of Kennebec the right to vote in the election of representatives to the Legislature, with the inhabitants of Readfield and Fayette?

## OPINION.

The undersigned respectfully present their opinion upon the questions stated in an order of the House of Representatives, bearing date on May 31, 1851.

It is provided by the second section of the fourth article of the constitution, that on or before the 15th day of August, in the year 1821, and " within every subsequent period of at most ten years and at least five," the Legislature shall cause the number of the inhabitants of the State to be ascertained, exclusive of foreigners not naturalized and Indians not taxed; and that " the number of representatives shall, at the several periods of making such enumerations, be fixed and apportioned among the several counties as near as may be according to the number of inhabitants, having regard to the relative increase of population."

When an apportionment of representatives has been made according to these provisions, " among the several counties," it must remain without alteration for five years — for no new enumeration and apportionment can be made within that time, without a violation of that clause of the constitution which provides that the least period for an enumeration shall be five years.

Provision is made by the third section of the same article, for an election, by the inhabitants of the towns and organized plantations of each county, of the representatives assigned to that county by the apportionment; those having less than fifteen hundred inhabitants are to be classed into districts having that number, " and so as not to divide towns." This number is to be increased or diminished, if found to be too large or too small to apportion all the representatives

assigned to any county among the towns and plantations of that county. The Legislature may at each apportionment authorize a town or plantation not entitled to elect a representative, to elect one for such portion of the time as shall be equal to its portion of representation.

The constitution then declares, that "the right of representation so established shall not be altered until the next general apportionment." This language cannot be considered applicable to the preceding clause only. It has reference to the "right of representation" granted by that section, and established by virtue of its provisions, irrespective of the manner in which it has been established. It is so explicit and decisive, that the undersigned cannot hesitate to answer the first question in the negative.

The second question assumes that the town of Kennebec was incorporated "from parts of five different representative districts, as established by the last general apportionment," and annexed "to the representative district of Readfield and Fayette, so as to give the inhabitants of said town of Kennebec the right to vote in the election of representative, with the inhabitants of Readfield and Fayette." The question is understood to assume, also, that there were inhabitants entitled to vote, residing on those parts of the different districts which were incorporated as the town of Kennebec. Thus understood, the answer to the second question is also in the negative.

The transfer of territory, and of inhabitants residing upon it and entitled to vote, from one representative district to another, is an alteration of a right of representation in both of those districts before the next general apportionment.

If such an alteration could be constitutionally made without any general apportionment, political parties having majorities in both branches of the Legislature at different times, might, by the incorporation of new towns, by the division of existing towns, and by the alteration of town and plantation lines, contribute essentially to the continuance of their power, and thus introduce mischiefs which were intended to be prevented by those sections of the constitution.

The right of the Legislature to incorporate a town composed of parts of several other towns is not intended to be denied or questioned. If not done at the time of a general apportionment, provision may be made that such inhabitants as are entitled to vote for a representative shall remain united to their respective districts for the election of a representative, until the next general apportionment.

Ether Shepley,
John S. Tenney,
Samuel Wells,
Joseph Howard.

To the House of Representatives of the State of Maine.